DUNLAP, J.
This case is here on error to the land court of Cuyahoga county, and involves the question of the validity of mechanics liens taken under the mechanics’ lien law against property registered under the Torrens law.
On April 7, 1915, certain lots were duly registered under what is known as the Torrens law, See. 8572-25 G. C., in the name of James G. Bingham. These lots were legally transferred to other owners and all became the property of the Seward Land & Building Co. sometime in 1917, the actual date not being important. After that company had become the owner of said parcels of land, and after the title thereof in fee had been registered in its name, it commenced the construction of a house on each of said lots, and in and toward the erection and construction of these houses Roy W. Mizner, present plaintiff in error, furnished labor and materials for the tinning work, under contracts with said the Seward Land & Building Co. He performed the last of said labor and furnished the last of said materials on October 18, 1917, on one lot, and October 20, 1917, on the other two lots, and not having been paid in full his contract price for said material and labor he did, within sixty days from said last mentioned dates, on December 17, 1917, tender to the record of Cuyahoga county his affidavits of mechanics’ liens against said premises prepared and executed in accordance with the mechanics’ lien law. Before said date of December 18, however, the Seward Land & Building Co. had transferred all of said sublots to an innocent bona fide purchaser who had no knowledge that the said Mizner had not been paid in full for all labor performed and materials furnished, and had no knowledge that the said Mizner intended to file or tender to the recorder for filing, affidavits for mechanics’ liens against said property.
The recorder of the county, Mr. Paul, upon the tender of these affidavits to him, was in doubt whether, under the circumstances above set forth, he should file the affidavits for mechanics’ liens and, therefore, acted under Sec. 8572-40, which provides that where the recorder is in doubt upon any question relative to registered land, he may refer the question to the common pleas court for decision. The recorder duly referred the question to *486 the court of common pleas, which we have heretofore spoken of as the land court, and on February 13, 1918, said court found, as a matter of law, that the said Mizner was not entitled to file said affidavits for mechanics’ liens and to have the same entered and noted on said certificate of the title of said respective premises.
The plaintiff in error thereupon filed his petition in error in this court as .provided for in See. 8572-80, and thereby asks reversal of this order of the court of common pleas.
The question involved in this case can now be stated in the abstract and is:
Does a bona fide purchaser of registered land who relies upon the certificate of title, take the land burdened with inchoate mechanics’ liens which do not appear upon the certificate?
If this question is answered in the affirmative, then the judgment under review must be reversed, and if answered in the negative, the same must be affirmed.
The solution of this question is not without some difficulty, as it raises a question of conflict between two sets of laws, one set the mechanics’ lien laws and the other the Torrens registration law. By the mechanics’ lien laws a person furnishing material and labor for the construction of an improvement upon land is apparently without reservation, entitled to-a lien upon said land, the only apparent condition being that the lien be perfected within sixty days after the furnishing of the last labor or material for said improvement. The Torrens act, upon the other hand, expressly provides “that no statutory or other lien shall affect the title to registered land until after it is noted upon the certificate. ’ ’ And by See. 8572-25 it is provided:
“Section 25. Every applicant who without fraud on his part receives a certificate of title in pursuance of ‘ a decree of registration, and every subsequent purchaser of i*egistered land, who takes a certificate of title for value and in good faith, shall hold the same free from all estates and encumbrances except those noted on the certificate and any of the following estates and encumbrances which may be existing :
“First. Liens, claims or rights arising or existing under the laws or Constitution of the United State's which the statutes *487 of this state can not require to appear on record in the recorder’s office.
“Second. Taxes, within six years after they have been entered upon the tax duplicates and become due and payable.
“Third. Any highway, public way, or private way laid out or acquired under the provisions of law or otherwise, unless the certificate of title states that the non-existence of such way, or the boundaries thereof if the same exists, have been determined by the court.
“Fourth. Any lease for a term not exceeding three years, when there is actual possession under the lease.
“Fifth. Right of appeal and to prosecute error within thirty days after decree of registration,
“Sixth. If there are easements or other rights appurtenant to a parcel of registered land which for any reason have failed to be registered, such easements or rights shall remain so appurtenant notwithstanding such failure, and shall be held to pass with the land. This section shall be printed or written on all duplicate certificates of title before delivery by the recorder.”
It will be noted that by none of the provisions of said section are mechanics’ liens expressly provided for. It will thus be seen that the mechanics’ lien law says that every person furnishing material or labor whom we shall hereafter designate as a mechanic — shall have his lien, and the Torrens law says in effect that every "bona, fide purchaser shall have his land free from such lien. It is our duty, if possible, to so construe these laws that both may stand.
It is apparent that the mechanics’ lien law is a genei’al law of general application, furnishing a general plan by which mechanics’ liens can be obtained. The Torrens law is likewise a general law insofar as the maimer of registering land is concerned, but it is urged that it has some special provisions in it relating to mechanics’ liens and the steps necessary to obtain such liens against registered land. It is not disputed that such-is the ease. It would be useless, of course, to dispute the fact that Sec. 8572-75 recognizes the right to file mechanics’ liens against registered land. Its provisions are as follows:
“8572-75. Every voluntary instrument intended to be used *488 in transferring any title or estate in registered land, or in creating any lien or charge thereon, or assigning, releasing or discharging any lien or charge in whole or in part, and every certificate or other paper filed with the recorder for the purpose of acquiring or creating an involuntary lien, interest or charge upon registered land, shall at least refer by number to the certificate of title covering such land or containing a memorial of such interest, lien or charge, such reference to be contained in the body of all voluntary instruments and in the case of such certificate or papers so filed to acquire involuntary interests, liens, or charges to be either in the body thereof or indorsed thereon and the indorsement duly signed by the proper officer or a person in interest. And in case only a part of the land covered by such certificate of title is sought to be affected, an accurate description of such part enabling the same to be definitely located and platted shall be given in such voluntary instrument, or in or upon such certificate or paper so filed in addition to such reference to the certificate of title by number. ’ ’
It is plain that an affidavit to obtain a mechanic’s lien is here provided for. It is described by the terms ‘ ‘ every certificate or other paper filed with the recorder for the purpose of acquiring or creating an involuntary lien, interest or charge upon registered land, ’ ’ and what said certificate is required to contain is provided for in the next words, which are “shall at least refer by number to the certificate of title,” etc. Here we have a plain provision before us for the securing of mechanics’ liens against registered land and requiring something a little different from the affidavit required by Sec. 8314 G. C., which provides the general form of affidavit required for obtaining a mechanic’s lien. Jit has not been seriously disputed that such provision must be followed and that in spite of the fact that the legislature had provided a general law fixing an apparent sweeping right to mechanics’ liens, that that exact method has been somewhat supplemented by this section which is quoted when it comes to securing such lien against registered land, and upon this point at least the Torrens act must be regarded as an exception to that general plan. Up to this point we have no serious difficulty nor can the mechanic entitled to the lien have any serious objection *489 to tbis requirement. Tlie only clanger to him is that he may think that all the laws upon the subject of mechanics’ liens are contained under that heading in the code, but such is not his guaranteed right. Instances of similar exceptions are all too frequent in our G. 0., and although regrettable are necessarily unavoidable.
There is, however, one deducible and logical conclusion from the exception above noted, and that is the mechanic seeking a lien must acquaint himself with the fact as to whether or not the property upon which the lien is sought is “registered” properly. This inference is fair and does not, we think, do violence to any of the provisions of the mechanics’ lien law, but granting all this, i. e., both the fact that he must put into his affidavit the registry number and that he is charged with knowledge that it is registered land, it is insisted that he can not be deprived of the right so plainly given him by the mechanic’s lien law to take sixty days from the time of the last furnishing- of material, etc., in which to file his affidavit. Such right is not taken away from him by the Torrens act providing the property remains in the contracting owner’s hands, but it is not to be denied that the words of this act do take this right away when said land passes into the hands of a bona fide purchaser. That is to say, this act purports to give to a bona fide purchaser who has purchased the land during said period of sixty days the right to rely solely upon the certificate of title or certificate of registration, and that if such lien is not noted thereon he is not chargeable with the same. We are inclined to the opinion that insofar as this right is taken away from the mechanic that the Torrens act is to be treated as an exception to the mechanic’s-lien law.
Section 89 of the Torrens act provides:
“Sec. 8572-89. No statutory or other lien of whatever kind or nature except judgments in the United States courts and taxes shall affect the title to registered land, until after the same is noted upon the registered certificate of title. ’ ’
The term “statutory or other lien” as used in this section must be construed so as to include, and plainly does include, a mechanic’s lien. We have already noted the necessary inference that the mechanic seeking a lien is charged with knowledge that *490 the property is registered. This being granted he need suiter no loss by reason of this Torrens law except by his own volition. If with knowledge that the land is registered he fails to protect himself so that he may have his lien at the proper time, we think it can be demonstrated that he has no one but himself to blame.
Section 8572-68 provides, we think, for almost every contingency that can arise. It is as follows:
“8572-68. Any person desiring to assert any interest in or claim or lien against registered land adverse to the title of any registered owner, and not shown upon the register when no provision is by this,act made for registering the same in the recorder’s office, may make affidavit thereto, setting forth his interest, right, title, claim, lien, charge or demand, and how and under whom derived, and the character and nature thereof. The affiant shall state his full name, place of residence and postoffiee address and shall designate a place within the state at which all notices relating thereto may be served upon him,or if he be a nonresident of the state, the name, residence and postoffiee address of some person residing within the state upon whom service may be made as his agent and by which service he will be bound the same as if made upon the claimant within the state. Upon the filing of such affidavit in the recorder’s office the recorder shall enter forthwith a memorial thereof, upon the registered certificate of title, stating the exact time when said affidavit was filed and the purport and nature thereof.”
And it is conceded in argument that the mechanic by filing what is known as a caveat under this section can give notice to a prospective purchaser of a right to a lien, and it is conceded that notices can be given by mechanics, by which term we include, laborers or material-men, to the owners of property that they are about to furnish work, labor or material for the improvement of a particular piece of property. Therefore, we arrive at the conclusion that all the mechanic need do to protect himself so that registered land shall not be transferred so as to defeat his proposed lien, is to avail himself of the privilege afforded by the comprehensive section last referred to, to wit, Sec. 8572-68.
A matter that must have strong bearing upon the proper *491 solution of this question by the court is that the Torrens law was enacted by the legislature with full knowledge of the provisions of the mechanics’ lien law and that the effort was made by the legislature to make them compatible and consistent is clearly shown by reference to the sections which we have quoted referring to mechanics’ liens, or at least including by their terms mechanics’ liens. The two laws seem incompatible only in that a privilege granted by one has apparently been taken away by another, and yet an analysis of that other shows a method in which even this privilege may be exercised, if not quite fully yet with restrictions which do not appear unreasonable. The right to a mechanic’s lien is not lost but its exercise is restrained and restricted. It exists fully as against the contracting owner as is fully provided for by subsection 81 but it can only be exercised on registered land as against a bona fide purchaser when the provisions of subsection 68 are complied with. The mere fact that the legislature saw fit to make such a provision with regard to registered land and did not see fit to make the same provision with regard to unregistered land is to our mind no argument against the requiring by a mechanic of an affidavit coming under said subsection 68 if he desires a lien upon registered property and desires to so protect his lien that a transfer to an innocent bona fide purchaser may not interfere with his said right. If See. 68 which we have just referred to or any other section for that matter, or an independent section, contained a clause to the effect that the provisions of the mechanics’ lien law shall not apply to registered land insofar as bona fide purchasers are concerned, unless the mechanic should file affidavit before such change of ownership setting out the facts constituting his inchoate lien, would any one question the validity of such provision ? Surely any liberal construction of this Torrens act must necessarily read into the law just such a provision, and Sec. 101 provides that the Torrens act shall be construed liberally for the purpose of effecting its general intent. True the mechanics’ lien law is also to be construed liberally, but a liberal construction does not entitle it to take a prohibited construction, that is, a construction absolutely prohibited by another section of the code which yet provides *492 a special means Cor the operation oil that law and for the retention of all the benefits of that law. The ease is presented for the application of the rule of construction laid down in Northwestern Ohio Natural Gas Co. v. Tiffin, 59 Ohio St. 420 [54 N. E. 77].
"It is a settled rule of construction that special statutory provisions for particular cases operate as exceptions to general provisions which might otherwise include the particular cases, and such cases are governed by the special provisions, ’ ’
and the application of thi,s rule is not rendered inappropriate by the fact that the mechanics’ lien law has been amended since the passage of the Torrens law. This fact, we think, does not affect the rule laid down in Rodgers v. United States, 185 U. S. 83 [46 L. Ed. 816; 22 Sup. Ct. 582], the syllabus of which is in part as follows:
"Where there are two statutes, the earlier special and the iater general (the terms of the general being broad enough to include the matter provided for in the special) the fact that one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special.”
And 36 Cyc. 1151, where it is stated:
"General and special statutes. Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy, but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to or qualification of the prior general one, and where the general act is later the special will be construed as remaining an exception to its general terms, unless it is repealed in express words or necessary implication. ’ ’
In addition it may be said that even though the legislature *493 did amend the mechanics’ lien law since the passage of the Torrens law it is not to be presumed that its attention was called to any apparent inconsistency between the two laws, so that the fact of a later amendment can be of little force in determining the question at issue.
We approve of the language of the attorney-general of Ohio in this respect as taken from the reports of the attorney-general of 1914, page 1195:
“As the land registration act is the later enactment, and is furthermore a special statute, I think that instead of calling for the doctrine of implied repeal, this state of affairs justifies the application of the theory that where the same statute, or different statutes upon the same subject, contain incompatible provisions, one of which is general and the other special, the latter shall be held and treated as an exception to the former. ’ ’
We have carefully considered the very able briefs which have been filed on both sides of this interesting question and our conclusion is that the land court of this county did not err in reaching its conclusion, and its judgment is affirmed.
Grant and Lawrence, JJ., concur.